PACKARD, Respondent, vs. BACKUS and another, Appellants.

*November 8 — November 25, 1890.* ·

*Sale of chattels: Evidence.*

In an action for the purchase price of a pump, where the defendants denied the sale and alleged that the pump had been placed on their premises by the plaintiff as an advertisement, it was error to exclude the testimony of a disinterested witness, who was present at the time of the alleged sale, that the plaintiff then said he would put the pump in as an advertisement, and to refuse to permit the plaintiff to be cross-examined with respect to such statement. And such error is not cured by the fact that the defendants testified that the plaintiff made such statement.

APPEAL from the Circuit Court for *Ashland* County.

Action to recover the purchase price of a pump and a quantity of hose alleged to have been sold and delivered to the defendants. The facts will sufficiently appear from the opinion. There was a verdict in favor of the plaintiff for $59, the sum demanded, and interest, amounting in all to $61.24. From the judgment entered on the verdict the defendants appeal.

For the appellants there was a brief by *Cole & O'Keefe*, and oral argument by *Rublee A. Cole*.

For the respondent there was a brief by *McNeel & Bushnell*, and oral argument by *T. H. Bushnell*.

TAYLOR, J. This action was brought to recover the purchase price of a pump and hose alleged to have been sold by the plaintiff to the defendants. The defendants denied the sale and purchase, and alleged that the pump had been placed on their premises by the plaintiff for the purpose of advertising the pump to the public.

The evidence showed conclusively that the pump had been placed in a well of the defendants near their saloon, and had been used by them for a considerable length of

time before the action was brought. On the trial the plaint-
iff, as a witness in his own behalf, testified that he had sold
the same, together with a quantity of hose to be used with
the pump, to the defendants for a fixed price, which was
due and unpaid at the time the action was commenced. On
the cross-examination of the plaintiff by the defendants,
they propounded to the witness the following question:
" Did you not tell *Backus* [one of the defendants] that you
had an opportunity to put that pump in at McPharen's,
but you would rather have it in there [meaning the well
where it had been placed on defendants' premises], because
you could exhibit it there better than you could at Murray
& McPharen's?" This question was objected to by the
plaintiff, and the court refused to permit the witness to an-
swer the same. Otto Johnson was called as a witness by
the defendants, and he testified he was present at the time
the plaintiff claims to have sold the pump to the defendants,
and that he heard at least some of the conversation that
took place between the plaintiff and defendants at the time.
The defendants asked this witness the following question:
" Didn't *Mr. Packard* say he would put the pump in there
as an advertisement?" This question was objected to by
the plaintiff, and ruled out by the court. Exceptions to
these rulings were duly taken by the defendants. The re-
jection of this offered evidence is alleged as error for which
the judgment should be reversed.

That the questions were proper questions to be pro-
pounded to the witnesses under the claim made by the de-
fendants seems quite evident, and the court undoubtedly
committed an error in refusing to permit the witnesses to
answer them. Both questions relate to the exact time and
place when and where the plaintiff claims he made the sale
to the defendants, and were admissible as a part of the con-
versation had between the parties at the time of the alleged
sale. It was in fact an inquiry as to what the conversation

between the parties really was. The plaintiff had testified that the conversation between the parties was, in effect, a contract of sale by him and a purchase on the part of the defendants. They claimed that the real conversation would show that no sale was intended and none in fact made. That the conversation was proper to be shown, if it in fact took place, is clearly shown by the following cases in this court: *Bates v. Ableman*, 13 Wis. 644, and *Mack v. State*, 48 Wis. 271, 282, and cases cited in the opinion.

It is possible and probable that the trial court rejected the evidence on the ground that, even though such a statement had been made by the plaintiff at the time of the alleged sale, it would not be inconsistent with the fact that there was a sale. That may be true. Still, however, the defendants were entitled to present the fact to the jury, and it was for the jury to say what effect it should have in the case. The plaintiff testified he sold the pump to the defendants. The defendants deny that it was sold to them or purchased by them; and on that state of the case, if the declaration of the plaintiff called for by these rejected questions had been shown to have been in fact made by him at the time he says he sold the pump, the jury might perhaps have concluded that there was in fact no sale. The effect which the testimony offered would have had upon the jury the court cannot anticipate. The defendants had the right to submit it for their consideration.

It is argued that the error ought not to reverse the judgment, because the defendants, as witnesses in their own behalf, were allowed to testify that the plaintiff did in fact make the statement called for by the questions asked and overruled; but it will be seen that, when that fact was sought to be proved by a witness who was not a party to the action, the court again rejected the evidence. It seems to us this does not cure the error. The admission of the plaintiff that he made the statement at the time indicated,

Packard vs. Backus and another.

would be more satisfactory to the jury than the statement of the interested, hostile defendants that he made it. Again, it is urged that on being recalled the plaintiff denied under oath that he made any such statement. Even were this the fact, it would not cure the objection to the offer to prove that he did make it, which was overruled by the court when offered to be proved by the witness Johnson. But the fact is the plaintiff does not, in express terms, deny the claim made by the defendants. He simply says: "I did not agree to put that in as an advertisement and charge nothing for it, as defendants state. I made no such arrangement." This is not a plain denial that he made the statement called for by the questions, and an admission that he had made it as claimed by the defendants. Had the admission been proved, as claimed by the defendants, the jury might have given it an interpretation different from what the plaintiff would give to it. Although he made the statement as claimed by the defendants, the plaintiff might perhaps have truthfully made the statement he did on being recalled; but, if the statement had been in evidence, the jury might have differed with the plaintiff as to its effect in the case.

While we regret the necessity of reversing a judgment for such a trifling sum, and subjecting the parties to the costs and expenses of a new trial, we cannot overlook a clear error committed by the trial court, when the evidence in the case is so conflicting and unsatisfactory as it appears to us to be from examining the record in this case.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.